**FILED**
**Nov 15, 2023**
**01:29 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | | |
|---|---|---|
| **EDDIE OTEY,** | ) | **Docket No. 2021-02-0655** |
| **Employee,** | ) | |
| **v.** | ) | |
| **ASPLUNDH TREEE EXPERT** | ) | |
| **COMPANY,** | ) | **State File No. 8267-2021** |
| **Employer,** | ) | |
| **And** | ) | |
| **XL INSURANCE AMERICA** | ) | |
| **INCORPORATED,** | ) | **Judge Brian K. Addington** |
| **Carrier.** | ) | |

---

## COMPENSATION ORDER

---

This Court held a compensation hearing on November 9, 2023, during which Mr. Otey requested Asplundh to provide dental care under the open future medical benefits provision of the parties' settlement agreement. He also seeks payment of his attorney's fee. Asplundh asserted that it tried to provide a panel but was unsuccessful in finding dentists that treated workers' compensation patients. Based on a preponderance of the evidence provided, the Court holds Mr. Otey is entitled to the requested benefits.

### History of Claim

Mr. Otey worked for Asplundh on January 18, 2021, when he fell on uneven ground injuring his right shoulder, neck, back, head, and left hand. He also lost a tooth. Asplundh provided medical treatment for his injuries.

Dr. Stephanie Snelson, DDS originally provided authorized dental treatment, including extraction of two additional teeth. Because Dr. Snelson does not perform oral implant procedures, Mr. Otey requested a panel of oral surgeons. The parties entered a settlement agreement on March 22, 2023, with open future medical benefits including "a panel for future dental care."

1

On April 26, Mr. Otey filed a Petition for Benefit Determination requesting a panel of oral surgeons. During mediation, Asplundh requested and obtained a waiver from the Tennessee Medical Fee Schedule, as it was unable to locate surgeons that would accept Mr. Otey as a patient. Despite receiving the wavier, Asplundh did not provide a panel of oral surgeons.

Mr. Otey testified that Asplundh offered other medical treatment, but he still needs dental treatment. He asserted he is entitled to a panel of oral surgeons because his work injury caused the loss of his teeth. He also requested attorney's fees for time spent to obtain a panel.

Asplundh did not dispute Mr. Otey's entitlement to a panel of oral surgeons. It argued that it should not be penalized because it cannot find oral surgeons to see him. Further, it argued a change in its third-party administrator caused additional delay.

**Findings of Fact and Conclusions of Law**

At a compensation hearing, Mr. Otey must show by a preponderance of the evidence that he is entitled to the requested benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2023). The Court finds he satisfied this burden.

The Workers' Compensation Law provides that "the employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident[.]" Tenn. Code Ann. § 50-6-204(a)(1)(A).

Asplundh did not deny that Mr. Otey is entitled to lifetime medical treatment for his injuries, including dental treatment. However, it has not given him a panel of oral surgeons, after an extensive time to do so. Despite the reasons for the delay, Asplundh must provide a panel of oral surgeons.

The parties are reminded that the Workers' Compensation Law allows oral surgeons in other states to be placed on a panel within 125 miles of Mr. Otey's residence. Tenn. Code Ann. § 50-6-204(a)(3)(B).

*Attorney's Fees*

Mr. Otey asked the Court to award fees under section 50-6-226(d)(1)(A). Attorney Michael Large argued that Asplundh's failure to provide a panel required him to act on Mr. Otey's behalf. In support of his request, Attorney Large submitted a time ledger and affidavit reflecting his work.

Asplundh opposed Mr. Large's attorney fee request because it worked with attorney Large to find an oral surgeon for Mr. Otey. Asplundh argued that although it has not

2

provided a panel, it has not denied treatment. Further, it asserted Mr. Large's fees were unreasonable and specifically pointed out that Mr. Large noted two hours for attending the compensation hearing, but it lasted less than an hour.

The Workers' Compensation Law states an injured employee may recover attorney fees and costs when an employer "[f]ails to furnish appropriate . . . dental treatment or care . . . to an employee provided for in a settlement[.]" Tenn. Code. § 50-6-226(d)(1)(a).

Despite Asplundh's argument that it attempted to secure dental treatment for Mr. Otey and cannot force a dentist to treat him, the fact remains that it failed to offer Mr. Otey a panel. Therefore, the Court finds that Mr. Otey demonstrated by a preponderance of the evidence that he is entitled to an award of reasonable attorney's fees.

Next, the Court must determine whether Mr. Otey's fees are reasonable under Rule 8 of the Tennessee Supreme Court Rules and 1.5(a) of the Rules of Professional Conduct. *Wright ex. rel. Wright v. Wright*, 337 S.W.3d 169-70 (Tenn. 2011). These rules require the Court to consider the following factors in deciding reasonableness:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer performing the services;
(8) whether the fee is fixed or contingent;
(9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and
(10) whether the fee agreement is in writing.

In deciding whether to award requested attorney's fees, "[t]he trial Court should develop an evidentiary record, make findings concerning each of the factors, and then determine a reasonable fee that depends upon the particular circumstances of the individual case." *Id.* at 185.

Looking to the relevant factors, first, a determination requires consideration of the time and labor required and skill needed to represent Mr. Otey. Here the Court finds that the time and labor spent did not require more than a basic understanding of workers' compensation law, but as the time ledger shows, Mr. Large did devote ample time into obtaining a panel for his client, including participating in mediation.

3

Second, the Court looks to whether accepting Mr. Otey's case precluded Mr. Large from accepting other cases. Attorney Large has represented workers' compensation claimants for several years and the level of complexity attributed to this case would not preclude Mr. Large from accepting other cases.

The third factor requires the Court to evaluate whether the hourly rate charged by Mr. Large is customary for similar legal services. Mr. Large submitted a fee of $350 per hour for his work in this case. The time ledger also includes a charge of $150 per hour for work performed by legal assistants. The Court agrees that these rates are appropriate and comparable to fees customarily charged in this locality for similar legal services and similar facts.

Next, the amount involved, and results obtained supports Mr. Large's fee. As evidenced by the March 2023 Settlement Agreement, which references the dental panel, Mr. Large sought dental treatment for his client even before settlement. Mr. Large ultimately had to pursue the matter post-settlement to obtain a panel of oral surgeons that, even now, has not been offered. Therefore, the amount involved correlates with Mr. Large's successful outcome.

The fifth factor is time limitations imposed by the circumstances. Mr. Otey has been without teeth for a lengthy period. His condition needs attention. Therefore, the Court concludes that time limitations for Mr. Otey were significant.

The sixth factor looks at the nature and length of the professional relationship. Mr. Large initially represented Mr. Otey in this matter pre-settlement. Mr. Large filed a Petition for Benefit Determination in April 2023, a month after settlement. The time ledger also reflects that Mr. Large began attempts to remedy the situation before filing the petition.

The experience, reputation, and ability of the lawyer also favor a finding of reasonableness. Mr. Large has practiced law since 1989. He has represented numerous workers' compensation claimants throughout the years and has maintained a high reputation within the legal community. This factor also favors his fee request.

Asplundh disputed Mr. Large's charge for attending the compensation hearing. Mr. Large contended that he met with his client before the hearing. Considering the hearing lasted approximately thirty minutes, the Court adjusts Mr. Large's time to one hour for the compensation hearing. Therefore, considering all applicable factors, Attorney Large is granted a fee of $1,760.00.

**IT IS ORDERED** as follows:

1.      Asplundh shall provide Mr. Otey a panel of oral surgeons to evaluate and treat Mr. Otey's dental injuries.

2. Asplundh shall pay Mr. Otey's attorney fees, in the amount of $255.00 for 1.7 hours for legal staff at $150 per hour, and $1,505.00 for 4.3 hours at $350.00 per hour, for attorney Michael Large. The total is $1,760.

3. The filing fee of $150.00 is taxed to Asplundh under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (February, 2022), to be paid to the Court Clerk within ten business days of entry of this order.

4. Asplundh shall prepare and file with the Court Clerk a Statistical Data Form SD-2 within ten business days of this order becoming final.

5. Unless appealed, this Compensation Order Granting medical benefits and attorney's fees shall become final after thirty days under Tennessee Code Annotated section 50-6-239(c)(7).

**ENTERED November 15, 2023.**


/s/ Brian K. Addington
_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Affidavit of Eddie Otey
2. Correspondence from Amanda Terry, Bureau of Workers' Compensation
3. Michael Large's Affidavit of Time
4. Time Ledger
5. Order Approving Settlement Agreement

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Hearing Request-Expedited
4. Hearing Request-Scheduling
5. Scheduling Order
6. Employee's Witness List for Compensation Hearing
7. Employee's Exhibit List for Compensation Hearing
8. Employee's Pre-Hearing Statement

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on November 15, 2023.

| Name | Mail | Fax | Email | Service sent to: |
|------|------|-----|-------|------------------|
| Michael Large, Employee's Attorney | | | X | michael@largelaw.com marlene@largelaw.com |
| Richard Clark, Employer's Attorney | | | X | rclark@eraclides.com jenniferdavis@eraclides.com |
| Compliance Program | | | X | wccompliance.program@tn.gov |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Compensation Order Right to Appeal</u>:

If you disagree with this Compensation Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the Compensation Order was filed.  When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  The Court Clerk will prepare the technical record and exhibits for submission to the Appeals Board, and you will receive notice once it has been submitted. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript, and you must file it with the Court Clerk *within fifteen calendar days* of filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of filing the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the testimony presented at the hearing.  The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board.  If the Appeals Board must review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.  You have *fifteen calendar days* after the date of that notice to file a brief to the Appeals Board.  *See the Rules governing the Workers' Compensation Appeals Board on  the Bureau's website*

**If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.  Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____          ☐ Motion Order filed on _____

☐ Compensation Order filed on_____          ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*